UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Demont White, Jr., | Civ. No. 24-261 (PAM/JFD) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Lisa Stenseth, Warden Rush City Correctional Facility, Minnesota, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty dated August 30, 2024. (Docket No. 17.) The R&R recommends dismissal of this matter without prejudice because the Petition is untimely.

The full background is set forth in the R&R and the Court need not revisit it here. In brief, Petitioner William Demont White, Jr., challenges his state-court conviction for second-degree intentional murder, first-degree assault, and arson. Relevant here, Petitioner contends that the state violated its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), by failing to divulge that a witness who testified against him, Vance Laster, was on parole during the time of Petitioner's offense and trial. The R&R concluded that Petitioner's Brady claim is untimely under 28 U.S.C. § 2244(d)(1)(A), and that Petitioner's other claims are likewise time-barred.

Petitioner objects to the R&R. (Pet.'s Objs. (Docket No. 18).) Defendant Lisa Stenseth did not respond to the objections, and the time to do so has passed. According to

statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court adopts the R&R.

White's first objection to the R&R is that the limitations period of his Brady claim should "run from . . . the date on which the factual predication of the claim or claims presented could have been discovered through the exercise of due diligence," under 28 U.S.C. § 2244(d)(1)(D), rather than from the date on which his conviction became final in state court, under § 2244(d)(1)(A). Specifically, White contends that the one-year limitations period in which to file his petition should begin to run when the Clerk of the Circuit Court of Cook County provided the Certified Disposition evincing that Laster was on parole during Petitioner's crime and trial. (Pet.'s Objs. at 1–3.)

But "[t]he jury heard about Laster's criminal convictions and his favorable plea deal in this case. His parole status would have added little weight to the information already available to impeach Laster's credibility." (R&R at 5 (quoting White v. State, No. A22-1848, 2023 WL 5695630, at *6 (Minn. Ct. App. Sept. 5, 2023)).) Indeed, as Magistrate Judge Docherty noted, the prosecution disclosed Laster's criminal history, including that Laster had been sentenced to 36 months' imprisonment in March 2016, to Petitioner's counsel before his trial in February 2018. (R&R at 11 (quoting State v. White, No. 05-CR-18-617, (Minn. Dist. Ct. Oct. 31, 2022)).) Therefore, as the state court concluded, because Petitioner's trial took place within 36 months of Laster's state-court conviction, his parole status was readily ascertainable even without the Certified Disposition. (Id.) As the R&R

2

correctly determined, § 2244(d)(1)(A) governs the timeliness of Petitioner's Brady claim, and, as with Petitioner's other claims, it is time-barred.

White next contends that "equitable tolling is appropriate due to limitations placed on him during the Covid-19 pandemic." (Pet.'s Objs. at 4.)  But White provides no reason why the pandemic's strictures were particularly prohibitive for him or explanation of any hindrance that prevented him from obtaining the Certified Disposition for more than two years after the pandemic's inception.  This objection is without merit.

Lastly, White objects to the conclusion that no certificate of appealability should issue. (Id. at 5–6.)  The R&R correctly determined that the Petition is untimely under the relevant limitations period.  Because reasonable minds could not differ as to this conclusion, the R&R likewise correctly determined that no certificate of appealability should issue.  Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After conducting the required reviews, the Court **ADOPTS** the R&R.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 17) is **ADOPTED**;

2. Defendant Lisa Stenseth's Motion to Dismiss (Docket No. 12) is **GRANTED**;

3. The Petition (Docket No. 1) is **DISMISSED with prejudice**; and

4. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 10, 2024              *s/Paul A. Magnuson*
                                       Paul A. Magnuson
                                       United States District Court Judge